UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY AND GEICO CASUALTY CO.,**<br><br>Plaintiffs,<br><br>v.<br><br>**STELTON RADIOLOGY CORPORATION, DMITRIY STOLYAR, OLGA GALKINA, RAPID IMAGING CORP., DYNAMIC MEDICAL IMAGING LLC, STEVEN P. BROWNSTEIN, M.D., EAST BRUNSWICK IMAGING CENTER, LLC, ROMAN SHAPOSHNIKOV, and SOUTH PLAINFIELD RADIOLOGY CORPORATION,**<br><br>Defendants. | Civ. No. 20-18532 (KM) (JBC)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the court on cross-motions for reconsideration (DE 117, DE 118)[1] of the court's opinion and order granting in part and

---

[1] For ease of reference, certain key items from the record will be abbreviated as follows:

DE = Docket entry in this case

Compl. = Amended complaint (DE 65)

MTCA = Brief in support of Stelton defendants' motion to compel arbitration or in the alternative to dismiss (DE 77)

Opp. to MTCA = GEICO's brief in opposition to Stelton defendants' motion to compel arbitration or in the alternative to dismiss (DE 80)

Def. Mot. = Brief in support of Stelton defendants' motion for reconsideration (DE 117)

Pl. Mot. = Brief in support of GEICO's motion for reconsideration (DE 118)

1

denying in part a motion to compel arbitration of the claims against certain defendants. (DE 115.) *See Government Employees Insurance Co. et al. v. Stelton Radiology Corp. et al.*, No. 20-18532, 2022 WL 1486116 (D.N.J. May 11, 2022) ("Op.").

The Court's ruling amounted to a split decision, and each side seeks reconsideration of a portion it regards as adverse to itself. By "each side," I refer, on the one hand, to defendants Stelton Radiology Corporation, Dmitriy Stolyar, Olga Galkina, Rapid Imaging Corporation, East Brunswick Imaging Center, LLC, Roman Shaposhnikov, and South Plainfield Radiology Corporation (collectively, the "Stelton defendants"); and on the other hand, to plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, "GEICO"). The Stelton defendants seek reconsideration of the court's denial of their motion to compel arbitration of GEICO's claims against them for violations of the New Jersey Insurance Fraud Prevention Act ("NJIFPA"). GEICO seeks reconsideration of the court's order compelling arbitration of GEICO's other claims against the Stelton defendants: namely, unjust enrichment, common law fraud, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). In the alternative, GEICO requests leave to file a second amended complaint.

For the reasons set forth below, the Stelton defendants' motion for reconsideration (DE 117) is **DENIED** and GEICO's motion for reconsideration

---

Pl. Response = GEICO's brief in response to Stelton defendants' motion for reconsideration (DE 125)

Def. Response = Stelton defendants' brief in response to GEICO's motion for reconsideration (DE 127)

Pl. Reply = GEICO's brief in reply to Def. Response (DE 128)

Def. Reply = Stelton defendants' brief in reply to Pl. Response (DE 132)

or, alternatively, for leave to amend the complaint (DE 118) is **GRANTED** in part and **DENIED** in part.

## I.   Background

A detailed factual background can be found in my previous opinion. To summarize, GEICO has plausibly alleged that the defendants, a set of New Jersey radiology facilities and their owners, submitted thousands of fraudulent claims to GEICO relating to radiology services that were provided to automobile accident victims, residing in New Jersey and New York, who were eligible for coverage under GEICO's no-fault, personal injury protection ("PIP") policies. (Compl. ¶1.)

GEICO filed its amended complaint in September 2021, asserting claims of unjust enrichment, common law fraud, RICO violations, and NJIFPA violations. GEICO also sought a declaration from the court that the defendants are not entitled to receive payment on any outstanding bills that they have submitted to GEICO under New York PIP insurance policies, as well as a declaration that the defendant facilities were not in compliance with certain laws and regulations governing healthcare practice in New Jersey. (Compl. ¶¶165, 168.)

In January 2021, the Stelton defendants moved to compel arbitration of GEICO's claims, and also moved to dismiss. (DE 77.) They argued that the claims should be arbitrated both under the New Jersey Automobile Insurance Cost Reduction Act (the "Auto Act"), *see* N.J. Stat. Ann. § 39:6A-5.1, and under the arbitration clause contained in GEICO's insurance policies.

In an opinion dated May 11, 2022, I concluded that while the Auto Act does not mandate arbitration of the relevant claims, the broad arbitration clause in GEICO's policies does require arbitration of the unjust enrichment, common law fraud, and civil RICO claims. (DE 115.) *See Op.*, 2022 WL 1486116 at *7. On the other hand, I held that, notwithstanding any arbitration

clause in the policies, GEICO's NJIFPA claims against the Stelton defendants could not be arbitrated as a matter of law. *See id.* at \*8.[2]

The Stelton defendants filed their motion for reconsideration (DE 117), and GEICO filed its own motion for reconsideration (DE 118), on May 25, 2022. The parties exchanged briefs in opposition to those motions, as well as replies. (DE 125, DE 127, DE 131, DE 132, DE 133.) The matter is now ripe for decision.

## II. Legal standard

"Reconsideration is an 'extraordinary remedy,' to be granted 'sparingly.'" *United States v. Coburn*, No. 19-00120, 2022 WL 874458, at \*2 (D.N.J. Mar. 23, 2022), quoting *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). "Generally, reconsideration is granted in three scenarios: (1) 'an intervening change in the controlling law;' (2) 'the availability of new evidence that was not available' at the time of the court's decision; and (3) 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Coburn,* supra, quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). The moving party bears the burden of demonstrating that one of these scenarios applies. *See Coburn,* supra.

In this district, motions for reconsideration are governed by Local Civil Rule 7.1(i). That rule provides that a party may move for reconsideration within 14 days of an entry of order or judgment on the original motion. *See* L. Civ. R. 7.1(i). It also requires that a party file a brief with their motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." *See id.*

---

[2] I also denied the Stelton defendants' motion to dismiss the NJIFPA claims. *See Op.,* 2022 WL 1486116 at \*9. With respect to GEICO's claim for a declaratory judgment, I dismissed the portion of it that sought a declaration that the defendants were not in compliance with certain New Jersey laws and regulations governing healthcare practice. *See id.* at \*13. The opinion also addressed other issues, raised by other defendants, which are not involved in this reconsideration motion.

"The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001), citing Allyn Z. Lite, *New Jersey Federal Practice Rules* 30 (2001). "A motion that merely raises a disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process." *Church & Dwight Co. v. Abbott Lab'ys*, 545 F. Supp. 2d 447, 450 (D.N.J. 2008). Put differently, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it has already thought through—rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Maryland,* 744 F. Supp. 1311, 1314 (D.N.J. 1990), quoting *Above the Belt v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983). In addition, a motion for reconsideration is not "an opportunity for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *See Red Roof Franchising v. AA Hospitality Northshore,* 937 F. Supp. 2d 537, 543 (D.N.J. 2013). The purpose of a motion for reconsideration is to allow counsel to draw the court's attention to issues that "may have been overlooked by the court, not those which were overlooked by counsel." *See Est. of Harrison v. Trump Plaza Hotel & Casino*, No. 12-6683, 2015 WL 3754996, at *2 (D.N.J. June 16, 2015), quoting *Polizzi Meats, Inc. v. Aetna Life & Casualty Co.,* 931 F. Supp. 328, 339 (D.N.J. 1996). That said, reconsideration is discretionary, and the Court will not persist in an error.

### III.   Discussion

#### A. The Stelton defendants' motion for reconsideration

The Stelton defendants ask me to reconsider my ruling that, as a matter of law, GEICO's NJIFPA claims cannot be arbitrated, but must be litigated in court. Reconsideration is necessary, they say, to correct a clear error of law and prevent a manifest injustice. (Def. Mot. 2)

I briefly recap my prior analysis of this issue. The NJIFPA was enacted "to confront aggressively the problem of insurance fraud in New Jersey." *See* N.J. Stat. Ann. § 17:33A-2. It provides that an "insurance company damaged

5

as the result of a violation of any provision of this act may sue therefore in any court of competent jurisdiction." *See* N.J. Stat. Ann. § 17:33A-7(a). I observed that courts have interpreted this provision to mean that "the Legislature did not contemplate that a claim of a violation of the Insurance Fraud Prevention Act would be heard by an arbitrator." *See Op.*, 2022 WL 1486116 at *7 (quoting *Nationwide Mut. Fire Ins. Co.* v. *Fiouris*, 395 N.J. Super. 156, 161 (App. Div. 2007)). *See also Fed. Ins. Co. v. Windherburg-Cordeiro*, No. 12-2491, 2012 WL 6761877, at *4 (D.N.J. Dec. 31, 2012); *Citizens United Reciprocal Exchange v. Meer*, 321 F. Supp. 3d 479, 492 (D.N.J. 2018). Following those precedents, I held that GEICO's NJIFPA claims are not arbitrable, and must remain in court. *See Op.*, 2022 WL 1486116 at *8.

The Stelton defendants now argue that I should not have followed those prior cases, because they all misconstrued the arbitrability of NJIFPA claims. (Def. Mot. 7.) They emphasize that "nothing in the NJIFPA's preamble or purpose indicates an intent or purpose that can only be achieved through a court, rather than in arbitration." (Def. Mot. 3.) In particular, the NJIFPA provides that an insurance company alleging a violation of the act "may sue therefore in any court of competent jurisdiction." *See* N.J. Stat. Ann. § 17:33A-7(a). To the Stelton defendants, the legislature's use of the word "may," as opposed to "must," indicates that either a court or arbitral forum is permissible. (Def. Mot. 5.)

Reconsideration of this issue is not appropriate. The Stelton defendants are asking me to rethink something that I have already thought through. They point to a footnote in which I acknowledged "good arguments that the language of the NJIFPA is better read as permitting, rather than mandating, claims to be litigated in court," but the fact remains that I considered and rejected those arguments. *See Op.*, 2022 WL 1486116, at *7 n.5. (Def. Mot. 5.) I decided to

6

follow the precedents, which, as I noted, were "conclusively to the contrary," *id.*, and remain so today.[3]

As discussed above, a motion for reconsideration "should be granted only where facts or controlling legal authority were presented to but overlooked by the District Court." *Mauro v. New Jersey Supreme Ct.*, 238 F. App'x 791, 793 (3d Cir. 2007). Because I explicitly considered the arguments now raised by the Stelton defendants in their motion for reconsideration, and because I remain of the opinion that there is no good reason to depart from the persuasive, relevant precedents, I will deny the motion.

### B. GEICO's motion for reconsideration

GEICO raises two arguments in its motion for reconsideration of my ruling that its unjust enrichment, common law fraud, and civil RICO claims must be arbitrated. First, GEICO points out that the Stelton defendants allegedly submitted fraudulent PIP billing on behalf of both New Jersey and New York insureds. (Pl. Mot. 4.) My decision, however, was based on the DPRP arbitration provision in GEICO's policies with its New Jersey insureds, which allegedly would not apply to the New York insureds. Second, GEICO asserts

---

[3] In this state-law case, I am bound to apply New Jersey law as the courts of New Jersey would apply it—the proverbial "*Erie* guess." Absent an on-point decision of the New Jersey Supreme Court, a decision of the Appellate Division is usually the next-best guide. *Cf. Wolfe v. Allstate Prop. & Cas. Ins. Co.*, 790 F.3d 487, 492 (3d Cir. 2015); *Berrier v. Simplicity Mfg., Inc.*, 563 F.3d 38, 45-46 (3d Cir. 2009) (setting forth the hierarchy of authorities for determining state law in a diversity case).

My opinion cited such an Appellate Division decision. *See Op.*, 2022 WL 1486116 at *7 (citing, *inter alia*, *Nationwide Mut. Fire Ins. Co. v. Fiouris*, 395 N.J. Super. 156, 161 (App. Div. 2007)). The analysis in *Fiouris,* moreover, was confirmed by the cited district court decisions, including my own. *See Op., supra* (citing *Fed. Ins. Co. v. von Windherburg-Cordeiro*, No. CIV.A. 12-2491 JAP, 2012 WL 6761877, at *4 (D.N.J. Dec. 31, 2012) (holding that the structure and history of the NJIFPA compels the conclusion that "state law requires [plaintiff's] IFPA claim be brought in a judicial forum" even when a contractual arbitration clause is present); *Citizens United Reciprocal Exchange v. Meer*, 321 F. Supp. 3d 479, 492 (D.N.J. 2018)). Nor has there been any subsequent deviation from that approach. Another court in this District recently held in a similar action that "the plain language, purpose, and provisions of the [NJ]IFPA demonstrate that [NJIFPA claims] must be brought before the Court." *See Government Employees Insurance Co. et al v. Elkholy, M.D. et al*, No. 21-16255, 2022 WL 2373917 (D.N.J. June 30, 2022) (Shipp, J.).

that the Stelton defendants lack standing to invoke the arbitration provision in GEICO's New Jersey policies because they never obtained any valid assignments of benefits from GEICO's insureds. For both of these reasons, GEICO argues, my decision contained an error that must be corrected to prevent manifest injustice.

### a. GEICO's New Jersey DPRP arbitration provision

As noted above, GEICO alleges in the current amended complaint that the defendant radiology facilities submitted fraudulent claims to GEICO under automobile insurance policies. (Compl. ¶¶129-130, 152.) Although the medical facilities and many of the insureds are located in New Jersey, the purportedly fraudulent billing also arose from the defendants' treatment of automobile accident victims residing in New York. (Compl. ¶¶1, 8-18.) In both New Jersey and New York, an insured can assign his or her right to PIP insurance benefits under an insurance policy to a healthcare provider in exchange for services. (Compl. ¶51.) The provider can then submit claims directly to the insurance company and receive payment. (Compl. ¶52.) The defendant facilities contend that they followed this protocol by submitting to GEICO claims for benefits that were assigned to them by both New Jersey and New York patients.

In support of their motion to compel arbitration of GEICO's claims against them, the Stelton defendants cited a document titled "GEICO Decision Point Review Plan and Precertification Requirements" ("DPRP"), which was included in the policies of certain of GEICO's insureds. (MTCA 3.) Pursuant to the DPRP, a healthcare provider may not receive an assignment of benefits from a GEICO insured unless the provider also agrees to submit disputes to alternative dispute resolution. (MTCA 3.) The DPRP contains a specific section on dispute resolution, which provides that "[i]f there is a dispute as to *any issue* arising under this [DPRP], or in connection with *any claim* for Personal Injury Protection benefits," a request for dispute resolution may be made. (MTCA, Ex. 1; emphasis added.) If either party objects to the result of the

dispute resolution, "then the matter is required and can only be resolved by a dispute resolution organization pursuant to New Jersey law rather than in the Superior Court of New Jersey." (MTCA, Ex. 1.)

Given the breadth of these agreements to arbitrate, I concluded in my prior opinion that GEICO's claims—setting aside the non-arbitrable NJIFPA claims, *see* Section III.A, *supra*—must be arbitrated. *See Op.*, 2022 WL 1486116 at *7. GEICO now stresses that the DPRP is incorporated only in GEICO's policies with its New Jersey insureds, *not* in its policies with its insureds residing in New York. I overlooked that fact, says GEICO, and as a result, my ruling was overbroad insofar as it extended to the New York-based claims. (Pl. Mot. 6.)

GEICO has generally lumped together the New Jersey and New York based billings, and did not raise this New York-specific argument in opposition to the motion to compel arbitration. GEICO did, however, argue in a footnote that the defendants' motion ignored "a massive amount" of fraudulent billing that was submitted pursuant to New York policies and New York insurance laws. (Opp. to MTCA 17 n.6.) In that sense, at least, the matter was brought to the Court's attention and may merit further consideration. *See P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001). *See Coburn*, 2022 WL 874458, at *3 (granting reconsideration where issue was only briefly explained in prior filings). Like the parties, I focused on the New Jersey claims, and I did not give separate consideration to the footnoted issue now presented as central, *i.e.,* the arbitrability of the New York claims. Reconsideration is therefore appropriate.

GEICO stresses that my ruling requiring arbitration of the New Jersey claims was based substantially on the presence of the DPRP in GEICO's New Jersey policies. The DPRP is a creation of New Jersey law, established to implement a New Jersey statute requiring the provision of PIP insurance benefits. *See* N.J. Admin. Code § 11:3-4.7 (establishing requirement for insurers to create and file decision point review plans for approval by the New

9

Jersey Department of Banking and Insurance); N.J. Admin. Code § 11:3-4.1 (stating purpose of DPRPs). It is sufficiently clear from the allegations that the New Jersey policies contain and are governed by the DPRP. That portion of my order therefore remains intact: arbitration of the unjust enrichment, common law fraud, and RICO claims is compelled insofar as those claims arise from the New Jersey insurance policies.

As to the New York-based claims, however, the situation remains muddled. It is true, of course, that "the party requesting arbitration bears the burden of demonstrating the existence of an enforceable arbitration agreement that binds both parties." *Elkholy*, 2022 WL 237917, at *8. If that can be determined from the face of the pleadings and attached documents, the court can rule on that basis. If not, some discovery may be required, and the matter may then be reviewed on a summary judgment standard:

> "[W]hen it is clear on the face of the complaint [or documents relied upon by the complaint] that a validly formed and enforceable arbitration agreement exists and a party's claim is subject to that agreement, a district court must compel arbitration under a Rule 12(b)(6) pleading standard ...." *MZM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 406 (3d Cir. 2020). But if (1) the materials subject to review on a Rule 12(b)(6) motion are unclear as to the arbitrability question, or (2) the parties have come forward with facts putting the arbitrability question at issue, then the court may order limited discovery and then consider the arbitrability question on a summary judgment standard. *Guidotti v. Legal Helpers Debt Resol., LLC*, 716 F.3d 764, 774 (3d Cir. 2013) (quotation marks and citation omitted).

*Salerno Med. Assocs., LLP v. Riverside Med. Mgmt., LLC*, 542 F. Supp. 3d 268, 276 (D.N.J. 2021).

The whole premise of GEICO's motion to reconsider seems to be that there are relevant distinctions between the New Jersey and New York claims, particularly as to arbitrability. The amended complaint, however, fails to distinguish between the New Jersey and New York claims, and is nonspecific as to the latter. It does not state either way, for example, whether the New York insureds' policies contained arbitration clauses, and if they differed from the

10

New Jersey DPRP language. GEICO now states that the DPRP is incorporated in the New Jersey policies, but not in the New York policies. But the presence, or not, of the DPRP in the New York policies (even assuming it would have legal effect) has not been alleged, and cannot be determined from the face of the pleadings; nor can it be determined what, if anything, the New York policies say about arbitration.[4]

GEICO has made some effort in its briefs, as opposed to its complaint, to clarify the scope and nature of the New York claims, and the contents of the New York policies. *See generally Op.*, 2022 WL 1486116, at *13. I remain concerned, as I was before, that the New York issues have not been presented in an orderly and intelligible fashion. GEICO has, however, suggested a

---

[4] The parties gesture toward a rigorous argument, without really making one. Essentially, they blame each other for the lack of clarity.

Here is GEICO:

> The Stelton Defendants never get around to explaining why an arbitration provision incorporated in GEICO's New Jersey insurance policies – e.g., the New Jersey DPRP arbitration provision – would give them a contractual right to arbitrate PIP claims as the assignees of PIP benefits under GEICO insureds' New York insurance policies, which are totally different PIP insurance contracts that have no relationship whatsoever to the DPRP or its arbitration clause.

(Pl. Reply 2.)

And here, the Stelton defendants:

> Plaintiffs have failed to distinguish or put forth any valid or enforceable New York contract that would augment or modify the DPRP. Nor interestingly, have Plaintiffs pointed to anything in the DPRP itself that suggests it only applies to the submission of claims for New Jersey insureds – or which would apply New York law to New Jersey facilities. Without such, it must be held that the DPRP applies to all PIP claims of the Defendants, as they are New Jersey entities, subject to New Jersey laws and regulations which form the basis of the DPRP.

(Def. Response 14.) This amounts to an argument that GEICO has failed to make the Stelton defendants' arbitrability argument for them, or that the requirements of New York law may be established by some sort of estoppel. I disagree; the burden on this issue remains on the Stelton defendants. That is not license for GEICO to hide the ball, however; should the pleadings remain uninformative on the arbitrability issue, the Stelton defendants may be entitled to discovery to help them meet their burden. *See* p. 10, *supra*.

11

potential way forward. GEICO moves, in the alternative, for leave to file a second amended complaint.

The Court, while not accepting the Proposed Second Amended Complaint (DE 118-4) in its proffered form, will take GEICO up on its offer of clarification. Leave to amend is hereby granted, and any arguable failure to comply with deadlines set by the Magistrate Judge is excused for good cause. *See* Fed. R. Civ. P. 15(a) ("The court should freely give leave" to amend a pleading "when justice so requires."). In amending, GEICO may and should add allegations to the complaint separately alleging, with the necessary factual specificity, the fraudulent New York billing under the relevant provisions of the New York policies. The current Proposed Second Amended Complaint (DE 118-4) appears to fall short of this standard, as it simply estimates a dollar amount for the New York portion of the claims, but says little about the relevant provisions of the policies involved, the legal basis for these claims, or the underlying facts.

Perhaps the New York policies are similar to the New Jersey policies; perhaps not. Perhaps the New York policies contain arbitration clauses; perhaps not. The current version of the complaint does not say. Further amendment of the complaint may, however, clarify the basis of the New York-based claims and/or put the Stelton defendants in a position to further pursue their demand for arbitration of the New York-based claims. At any rate, discovery will disclose the relevant New York policies, their arbitration provisions if any, and any facts giving rise to a duty to arbitrate the New York claims.

Reconsideration, then, is granted to the following extent. The Court's holding that the New York-based claims are arbitrable is vacated, without prejudice to renewal of those arguments in response to the second amended complaint, which shall be filed within 30 days.[5] If necessary, the parties may

---

[5] The restated New Jersey-based claims that have already been found arbitrable will be dismissed or stayed in favor of arbitration.

engage in discovery, targeted to the arbitration issue with respect to the New York claims, under the supervision of the Magistrate Judge.

### b. Invalid assignment of benefits

As separate grounds for reconsideration, GEICO argues that the Stelton defendants lack standing to demand arbitration of the New Jersey-based claims. (Pl. Mot. 2.) GEICO points out that, pursuant to the DPRP, only a healthcare provider with a valid assignment of PIP benefits from a GEICO insured can demand arbitration regarding a particular PIP claim. (Pl. Mot. 2.) The Stelton defendants, GEICO contends, never obtained "valid" assignments of PIP benefits from the New Jersey GEICO insureds. The Stelton defendants therefore cannot compel arbitration of the corresponding claims brought against them.

This argument, whatever its merits, comes out of left field. Nowhere in GEICO's filings prior to its motion for reconsideration did it make any such argument. Indeed, it seemed to concede the contrary, at least tacitly. *See Op.*, 2022 WL 1486116, at *4, *6. Statutory arguments aside, GEICO offered only the unusual contention, which I rejected, that its own policy provision was not "voluntary." *Id.* at *6.

As a general rule, a party is not permitted to raise wholly new arguments in its motion for reconsideration. *See Estate of Harrison*, 2015 WL 3754996, at *2 (D.N.J. June 16, 2015) (denying motion for reconsideration based on argument not raised prior to court's original decision). GEICO does not point to new evidence that the Stelton defendants never had a valid assignment of benefits, nor has it offered any other legitimate excuse for not raising this argument sooner.[6] I will therefore deny GEICO's motion insofar as it asks me to reconsider my decision that the DPRP requires arbitration of GEICO's New

---

[6] GEICO asserts in its motion for reconsideration that it did not raise this argument sooner because it believed that a prior opinion of this court required denial of a motion to compel arbitration. GEICO's strategic decision to focus exclusively on one argument, rather than advancing two alternative arguments, does not present the type of circumstances that justify reconsideration.

13

Jersey-based unjust enrichment, common law fraud, and RICO claims based on the lack of valid assignments.

### C. GEICO's motion to amend the complaint

I have, however, already granted leave to amend the complaint, and GEICO has proffered that it wishes to add an allegation that the Stelton defendants never obtained valid assignments of PIP benefits from GEICO's New Jersey insureds. I will permit GEICO to include such allegations in its second amended complaint, provided that they meet federal pleading standards.

"The decision to grant leave to amend" a pleading pursuant to Fed. R. Civ. P. 15(a) "is left within the discretion of the district court." *Vargas v. Meehan*, No. 11-2833, 2012 WL 1898127, at *2 (D.N.J. May 22, 2012). However, "[t]he Third Circuit has shown a strong liberality in allowing amendments under Rule 15 in order to ensure that claims will be decided on the merits rather than on technicalities." *Id.*, citing *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990); *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir. 1989). Under this approach, "an amendment must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *See Vargas, supra*. "An amendment is futile if it is frivolous, fails to state a claim upon which relief can be granted, or advances a claim or defense that is legally insufficient on its face." *Livery Coach Sols., L.L.C. v. Music Express/E., Inc.*, 245 F. Supp. 3d 639, 648 (D. Del. 2017) (internal quotation marks omitted).[7]

As to the issue regarding patient assignments, GEICO proposes to further amend the complaint by the addition of a single paragraph:

> Though the Defendants systematically submitted or caused to be submitted thousands of bills and treatment reports through Stelton Radiology, Rapid Imaging, South Plainfield Radiology, Dynamic Medical,

---

[7] It appears that GEICO's motion is timely, as it was filed on May 25, 2022, and the deadline to file motions for leave to amend the pleadings was extended to August 31, 2022. (DE 123.) Thus, GEICO need not demonstrate "good cause" for an untimely motion under Fed. R. Civ. P. 16(b). As suggested above, I would be inclined to relax the deadline in any event.

> and East Brunswick Imaging, in both New York and New Jersey, seeking payment as the purported assignees of GEICO Insureds' PIP Benefits under GEICO's New York and New Jersey automobile insurance policies, in fact Defendants did not ever obtain valid assignments of benefits from GEICO's New Jersey Insureds.

(Proposed Second Amended Complaint ¶ 149 (DE 118-4 at 75).) These proposed allegations, however, are not factual; GEICO states only that there were no "valid" New Jersey assignments, a bare legal conclusion that leaves the reader in the dark as to what is meant. GEICO could be making some sort of legal argument, or it could be arguing that there were no assignments at all, which would affect (*inter alia*) the Stelton defendants' demand for arbitration. If GEICO wishes to add such a claim, it must do better than this. As the proposed amendment stands, it would be denied as futile. I have already granted leave to amend, however, and any proposed second amended complaint may include this contention, alleged in accordance with federal pleading requirements.

## IV. Conclusion

For the reasons set forth above, I will **DENY** the Stelton defendants' motion for reconsideration (DE 117) and **GRANT IN PART** GEICO's motion for reconsideration or, alternatively, for leave to amend the complaint (DE 118).

In particular, I will **GRANT** GEICO's motion for reconsideration of my ruling that its unjust enrichment, common law fraud, and RICO claims must be compelled to arbitration in their entirety. Leave is granted to submit a second amended complaint in which those claims, currently asserted in Counts 3, 4, 5, 6, 8, 9, 10, 16, 17, 18, 20, 21, and 22, are each severed into two claims—one arising out of the Stelton defendants' billing under New Jersey insurance policies, and the other arising out of billing under New York insurance policies. The portion of the order requiring arbitration of the New Jersey-based claims is retained, and those claims, as restated in any amended pleading, will be dismissed or stayed in favor of arbitration. The portion of the order requiring arbitration of the New York-based claims is vacated, without

prejudice to revisiting the issue after submission of a further amended complaint, which shall comply with federal pleading standards, and/or targeted discovery thereafter.

GEICO's motion for reconsideration based on the Stelton defendants' lack of a valid assignment of benefits from GEICO's insureds is **DENIED**. GEICO's motion for leave to amend the complaint to add a paragraph regarding the lack of any valid assignment of benefits is **DENIED** as presented, but leave to amend the complaint to include such a contention in a manner that meets federal pleading standards is granted. A separate order will issue.

Dated: October 14, 2022

/s/ Kevin McNulty

_____

**Kevin McNulty
United States District Judge**